## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**CIVIL NO. _____**

**KRYSTAL GRAY, Individually and**
**On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**V.**

**DELTA COUNTY MEMORIAL**
**HOSPITAL DISTRICT,**

**Defendant.**

**JURY TRIAL DEMANDED**

═══════════════════════════════════════════════════

## PLAINTIFF'S ORIGINAL COMPLAINT, COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND

═══════════════════════════════════════════════════

     1.     Plaintiff Krystal Gray ("Plaintiff") brings this class and collective action on behalf of herself and other similarly situated individuals who have worked for Delta County Memorial Hospital District ("Defendant" or "DCMH") as nurses, nurse aides, nurse assistants, technicians, and other non-exempt hourly employees[1] who were subject to an automatic time deduction for meal periods, missed rest breaks, and/or work performed while off-the-clock, at any time beginning six years before the filing of this complaint until resolution of this action. Throughout the relevant time period of this action, Plaintiff and similarly situated nursing staff have been denied payment for all hours worked, including overtime, were subject to improper deductions from wages, and were denied meal and rest periods in compliance with Colorado law. This case

---

[1] While the precise job titles may differ, Plaintiff hereinafter uses the term "nursing staff" interchangeably in referencing any of these similarly situated employees.

implicates the longstanding policy of DCMH, which fails to properly compensate non-exempt employees for work during meal periods and for work performed while "off-the-clock."

2.      An employer is not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefits the employee. Defendant does not provide bona fide meal periods for its nursing staff who are responsible for patient care. Nursing staff who work for Defendant are required to remain responsible for patient care throughout their shift and are expected to perform duties while "off-the-clock." Instead of making nursing staff clock out for their meal periods then clock back in at the end of a meal period, Defendant assumes nurses were able to find a 30-minute block of time to enjoy a bona fide meal period. In fact, this does not typically occur. Nonetheless, Defendant deducts 30 minutes from nurses' shifts for a meal period, when in fact nurses remain on duty and are continuously subject to interruption during that time. Defendant instituted policies and practices that result in nurses being responsible for patient care throughout their shift, even when they attempt to have a bite to eat. Similarly, nursing staff were also required to work through, and are on call during, their rest breaks on a regular basis.

3.      Defendant's policies and practices result in nurses being denied wages due under the Fair Labor Standards Act and Colorado law. Under these policies and practices, non-exempt nurses involved in patient care were not completely relieved of duties during meal periods and rest breaks, and were denied pay for those on-duty meal periods and rest breaks. Defendant continues to require nurses responsible for direct patient care to remain on duty and subject to interruptions during meal periods and rest breaks.

4.      Defendant violated the FLSA and Colorado state law by knowingly and willfully permitting Plaintiff, Class, and Collective members to perform work and/or remain on duty during their meal periods and rest breaks, subjecting them to interruptions during their meal periods and rest breaks. Plaintiff, Class, and Collective members also performed work before clocking in and after clocking out for which they were not compensated. Defendant had notice that Plaintiff, Class, and Collective members expected to be paid for their work on an hourly basis. Defendant received

value of Plaintiff, Class, and Collective members' work performed during their meal periods, rest breaks, and while "off-the-clock" without compensating them for their services. Defendant willfully, deliberately, and voluntarily failed to pay Plaintiff and Collective and Class members for work performed.

5. Defendant's conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. *See* 29 U.S.C. § 207(a).

6. Defendant's conduct violated and continues to violate Colorado state law because Colorado Wage Claim Act, C.R.S.A. § 8-4-101 and Colorado Minimum Wage Order No. 35 requires, for hourly employees like Plaintiff and the Class members, that hours worked in excess of forty per week be paid at a rate of one and one-half times the hourly rate for the number of hours worked in excess of forty. Defendant's conduct further violated the CWCA and Minimum Wage Order because Plaintiff and Class members are required to be compensated for all hours worked during weeks in which they worked fewer that forty hours. Defendant's conduct further violated and continues to violate Colorado meal and rest period statutes, and Colorado's requirement that all wages be paid upon separation of employment.

7. In addition, Plaintiff and Collective and Class members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendant was and is aware that Plaintiff and Collective and Class members perform this off-the-clock work, but failed to pay them at the applicable hourly and overtime rates for this work time. This practice likewise violated and continues to violate the FLSA and Colorado state law.

8. Defendant's conduct violated and continues to violate Colorado's meal and rest period statutes, and final pay statute. Because Defendant's conduct violated and continues to violate Colorado statutory wage and hour laws, Defendant is liable for the unpaid wages, penalty wages, and other statutory penalties as provided by Colorado law, attorneys' fees and costs, as well as pre- and post-judgment interest.

9. Plaintiff files this action to recover on behalf of herself, the Colorado Class, and the putative Collective members, all unpaid wages, compensation, penalties, and other damages owed to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendant has integrated into its timekeeping and payroll policies and which has deprived Plaintiff, Class, and Collective members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

10. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendant resides in this judicial district and are subject to personal jurisdiction here.

## PARTIES

12. Plaintiff Krystal Gray is an individual over the age of eighteen residing in Montrose, Colorado. Ms. Gray was employed as a nurse by Defendant in Delta, Colorado from approximately June 2015 to May 2019.

13. The FLSA Collective members are people who are or who have been employed by Defendant as nurses, nurse aides, nurse assistants, technicians, and other similar hourly and non-exempt employees in the United States within the three years preceding the filing of this Complaint.

14. The Colorado Class members are all people who are or who have been employed by Defendant as nurses, nurse aides, nurse assistants, technicians, and other similar hourly and non-exempt employees in the State of Colorado within the six years preceding the filing of this Complaint.

15.     Defendant Delta County Memorial Hospital District is a domestic business with its principal place of business at 1501 East 3rd Street, Delta, Colorado 81416. Defendant may be served with process by serving its Chief Executive Officer, Jason Cleckler, at 1501 East 3rd Street, Delta, Colorado 81416.

16.     At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

17.     At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

18.     Plaintiff and Collective and Class members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

19.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20.     Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

21.     In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are non-exempt workers engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes patient credit cards with banks in other states.

22.     At all material times, Plaintiff, Class, and Collective members were and are employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

23.     Defendant is a hospital that provides general medical and surgical care for inpatients and outpatients.

24.     Defendant employs dozens of hourly non-exempt workers similarly situated to Plaintiff.

25. Defendant employs a payroll policy of not compensating hourly-paid nursing staff for work performed during their meal periods, subjecting them to interruptions and requiring them to remain on duty during those meal periods. This policy applies to all hourly-paid, non-exempt nursing staff who are responsible for patient care.

26. Prior to approximately March of 2017, Defendant incorporated a timekeeping policy of automatically deducting 30 minutes from all hourly, non-exempt employees for meal periods. After approximately March of 2017, Defendant changed its automatic deduction policy and required hourly, non-exempt employees to manually clock out for their meal periods. Despite having to manually clock out, Plaintiff, Class, and Collective members would still remain on premises, get pulled out of their breaks, or would otherwise be subject to interruption during their meal breaks. While the mechanics of deducting the meal break hours may have changed after March 2017, the effect remained the same: non-exempt hourly workers were still subject to interruption during their unpaid meal breaks.

27. In practice, nursing staff involved in patient care are not permitted to take a 30-minute uninterrupted and bona fide meal or rest break due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal or rest break, they remain on duty in that they are required to respond to calls from their patients, doctors, patients' families, other nursing staff and hospital staff, attend to the normal demands of the job, and otherwise respond to emergencies.

28. Plaintiff was employed by Defendant as a non-exempt nurse from between June 2015 through May 2019. Plaintiff's regular hourly rate of pay was $23.71 per hour during her employment. As a nurse, Plaintiff's primary responsibilities included: providing patient care and monitoring, interacting with other hospital employees and visitors, performing patient intake services, checking patients out, operating clinic phones to communicate with patients and their families, scheduling, addressing billing issues, updating doctor schedules, and ordering supplies. Plaintiff was also required to respond to emergency situations as needed, as any nurse would be pursuant to their ethical code of conduct. Plaintiff was subjected to Defendant's time, pay, meal

break, and overtime policies and practices. Plaintiff routinely performed work during her entire shift, was subject to interruptions during attempted meal and rest breaks, and in fact was interrupted or denied meal and rest breaks on a regular basis. Plaintiff also performed work while "off-the-clock" with Defendant's knowledge and was denied compensation for the time she spent engaged in this work.

29.     Plaintiff, Class, and Collective members' "off-the-clock" work included making phone calls, cleaning, preparing and organizing equipment, interacting with patients, assisting other hospital staff, informal meetings with doctors, and performing other various tasks before clocking in and after clocking out for the day. Plaintiff, Class, and Collective members were not compensated for this work performed outside of their recorded hours.

30.     Class and Collective members were and are employed by Defendant and performed work materially similar to Plaintiff.

31.     Plaintiff, Class, and Collective members reported to a hospital or clinical facility owned, operated, or managed by Defendant to perform their jobs.

32.     Plaintiff, Class, and Collective members performed their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

33.     Plaintiff, Class, and Collective members were required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

34.     At the end of each pay period, Plaintiff, Class, and Collective members received wages from Defendant that were determined by common systems and methods that Defendant selected and controlled.

35.     Defendant paid Plaintiff, Class, and Collective members on an hourly rate basis.

36.     Plaintiff worked more than forty hours in at least one workweek during the six years before this Complaint was filed.

37.     Each Collective member worked more than forty hours in at least one workweek during the three years before this Complaint was filed. On average, Plaintiff worked 45-50 hours per week.

38.     Each Class member worked more than forty hours in at least one workweek during the six years before this Complaint was filed.

39.     When Plaintiff, Class, and Collective members worked more than forty hours in a workweek, Defendant did not pay them one and one-half times their regular hourly rate for all hours worked due to their failure to include time worked during meal periods, rest breaks, and "off-the-clock" work in the total hours worked in a given work week. This unpaid time is compensable under the FLSA and Colorado law because (1) Plaintiff, Class, and Collective members were not completely relieved of their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal period and/or rest break, (3) they entirely skipped the meal and rest periods due to work demands, and (4) they performed work before clocking in and after clocking out for the benefit of Defendant and with Defendant's constructive knowledge.

40.     Throughout the relevant time period, Defendant expected and required Plaintiff, Class, and Collective members to be available to work during their entire shifts, even during any attempted meal or rest breaks. The 30-minute intervals of deducted time for meal periods constitute compensable time under the FLSA which requires that employers compensate employees for all time worked. These 30-minute intervals also constitute compensable time under state law because Colorado Minimum Wage Order No. 35 § 7 requires that employees who have worked at least five hours are entitled to a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties. If an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the time as an "on-duty" meal period. *Id.* Further, Colorado Minimum Wage Act No. 35 § 8 requires that every employer shall provide to each employee, for each segment of four hours or major part thereof worked in a

work period, a rest period of not less than ten continuous minutes during which the employee is relieved of all duties, without deduction from the employee's pay.

41.     Defendant has employed dozens of people similarly situated to Plaintiff during the six-year period prior to the filing of this Complaint.

42.     Defendant's method of paying Plaintiff and Collective and Class members was willful, and was not based on a good faith and reasonable belief that their conduct complied with either the FLSA or Colorado law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of individuals:

> **All current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants, technicians, or other employees with similar job duties employed by Defendant nationwide during the time period three years prior to the filing of the original Complaint until resolution of this action (the "Collective").**

44.     Defendant has not and does not compensate these employees for the unpaid meal breaks and "off-the-clock" overtime work as described above.

45.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by the Collective members.

46.     Plaintiff has actual knowledge that Collective members have been denied compensation for time worked, including meal breaks worked or interrupted and "off-the-clock" work. In addition, Plaintiff has actual knowledge that Collective members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

47.     Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendant subjected Collective members to its common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

48.     Other nursing staff similarly situated to Plaintiff work, or have worked, for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands. Other nursing staff similarly situated to Plaintiff also performed compensable work while "off-the-clock," and were not paid overtime at the rate of one and one-half times their regular hourly rate for those "off-the-clock" hours.

49.     Although Defendant permitted and/or required Collective members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty for meal breaks that were interrupted due to work demands and for "off-the-clock" work.

50.     Collective members perform or have performed the same or similar work as Plaintiff involving patient care.

51.     Collective members regularly work or have worked in excess of forty hours during a workweek.

52.     Collective members are not exempt from receiving overtime compensation under the FLSA.

53.     Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of FLSA Collective members.

54.     Although Plaintiff and Collective members may have different job titles and/or work in different hospital facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant time period:

a.  Defendant maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

b.  Defendant maintained common timekeeping systems and policies with respect to Plaintiff and  Collective members;

c.  Defendant maintained common payroll systems and policies with respect to Plaintiff and  Collective members, controlled the payroll systems and policies applied to Plaintiff and  Collective members, and set the pay rates assigned to Plaintiff and  Collective members; and

d.  Defendant controlled the meal break work policies and practices at issue in this litigation and had the ability to deprive Plaintiff and Collective members of wages owed for meal break work they performed.

55.    The specific job titles or precise job responsibilities of each Collective member does not prevent collective treatment.

56.    Collective members, regardless of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for interrupted, on-duty, or missed meal breaks.

57.    Collective members, regardless of their particular job requirements, are entitled to overtime compensation for hours worked "off-the-clock" in excess of forty during a workweek.

58.    Although the exact amount of damages may vary among Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

59.    Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct

by Defendant that caused harm to all Collective members. Defendant had a plan, policy or practice of not paying Plaintiff and Collective members for interrupted, interruptible, or missed meal breaks, as well as work performed "off-the-clock."

60.     As such, the class of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 40 people or more. The precise number of Collective members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from  Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendant's records. Given the composition and size of the Class, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

## RULE 23 CLASS ACTION ALLEGATIONS

61.     Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Colorado Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants, technicians, or other employees with similar job duties employed by Defendant in Colorado at any time starting six years prior to the filing of this Complaint until resolution of this action.**

62.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

63.     Numerosity: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Colorado Class members exceeds 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of

the Colorado Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Colorado Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Colorado Class and Defendant.

64.     <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Colorado Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

    i.   Whether Defendant failed to pay Plaintiff and Colorado Class members for all hours worked;

    ii.   Whether Defendant paid Plaintiff and Colorado Class members on an hourly basis;

    iii.   Whether Defendant failed to keep accurate records of employees' hours of work and wages;

    iv.   Whether Defendant failed to pay Plaintiff and Colorado Class members at an overtime rate for all hours worked in excess of forty in a workweek;

    v.   Whether Defendant failed to authorize and permit Plaintiff and Colorado Class members to take a bona fide and uninterrupted meal break to which they were entitled under Colorado law;

    vi.   Whether Defendant failed to authorize and permit Plaintiff and Colorado Class members to take bona fide and uninterrupted rest breaks to which they were entitled under Colorado law;

    vii.   Whether Defendant failed to compensate Plaintiff and Colorado Class members for work performed off-the-clock at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek in violation of Colorado law;

viii. Whether Defendant failed to provide Plaintiff and Colorado Class members with timely, accurate itemized wage statements in violation of Colorado law;

ix. Whether Defendant's policy and practice of automatic time deductions for meal periods that were not bona fide, continuous, and uninterrupted meal periods violated Colorado law;

x. Whether Defendant's policy and practice of failing to pay Plaintiff and Colorado Class members all wages due upon the end of their employment violated Colorado law;

xi. Whether Plaintiff and Colorado Class members are entitled to civil and statutory penalties;

xii. Whether Plaintiff and Colorado Class members are entitled to liquidated damages;

xiii. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Colorado Class as alleged herein; and

xiv. Whether Defendant's actions were "willful" as that term is understood in Colorado wage and hour law.

65.     Typicality:   Plaintiff's claims are typical of the claims of the Colorado Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Colorado Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Colorado Class.

66.     Adequacy of Representation:   Plaintiff does not have any conflicts of interest with other Colorado Class members and will prosecute the case vigorously on behalf of the Colorado Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Colorado Class members.

67.     <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Colorado Class members is not practicable, and questions of law and fact common to the Colorado Class predominate over any questions affecting only individual members of the Colorado Class. Each proposed Colorado Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

68.     In the alternative, the Colorado Class may be certified because the prosecution of separate actions by the individual members of the Colorado Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Colorado Class which would establish incompatible standards of conduct for Defendant.

69.     If each individual Colorado Class member was required to file an individual lawsuit, Defendant would necessary gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Colorado Class with Defendant's vastly superior financial legal resources.

70.     Requiring each individual Colorado Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Colorado Class members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF 29 U.S.C. § 207**

**COUNT ONE**
**FAILURE TO PAY OVERTIME COMPENSATION FOR**
**IMPROPER AUTOMATIC TIME DEDUCTIONS**
**(FLSA COLLECTIVE ACTION)**

71.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

72.     Plaintiff and Collective members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

73.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

74.     Throughout the relevant time period, Defendant expected and required Plaintiff and Collective members to be available to work and/or to be on duty during their promised meal and rest breaks. Plaintiff and Collective members also performed work off-the-clock for which they were not compensated.

75.     Plaintiff and Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

76.     Defendant cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

77.     Defendant violated and continues to violate the FLSA by failing to pay Plaintiff and Collective members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

78.     Defendant's failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

79.     Because of Defendant's willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

80.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

81.     Wherefore, Plaintiff and the putative collective request relief as hereinafter provided.

## COUNT TWO:
## FAILURE TO PAY OVERTIME COMPENSATION FOR "OFF-THE-CLOCK" WORK
## (FLSA COLLECTIVE ACTION)

82.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

83.     Throughout the relevant time period, Defendant suffered and/or permitted Plaintiff to work additional time outside of her shift for work-related tasks. These tasks included, but were not limited to, checking on patients, locating and gathering equipment and supplies, responding to emergencies, reviewing or completing charting, and cleaning.

84.     Plaintiff was actively discouraged from logging time outside the parameters set by Defendant. However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of her scheduled shift, before she clocked in and after she clocked out. Upon information and belief, Defendant treated Collective members similarly with respect to "off-the-clock" work.

85.     Accordingly, consistent with the policies and procedures set up by Defendant, Plaintiff performed work for which she was not compensated. Defendant's policies and practices favored Defendant at the expense of Plaintiff and Collective members.

86.     Defendant violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff and Collective members suffered wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

87.     Defendant's failure to pay overtime to Plaintiff and Collective members, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

88.     Because of Defendant's willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

89.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

90.     Wherefore, Plaintiff and the putative collective request relief as hereinafter provided.

**SECOND CLAIM FOR RELIEF**
**VIOLATIONS OF COLORADO WAGE CLAIM ACT, § 8-4-101 *et seq.***
**FAILURE TO PAY OVERTIME**
**(COLORADO CLASS ACTION)**

91.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

92.     At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act ("CWCA"). At all relevant times, Defendant has employed and continues to employ "employees," including Plaintiff and the Class Members, within the meaning of the CWCA.

93.     Pursuant to Colorado Minimum Wage Act No. 35 § 4, Defendant was required to pay Plaintiff and Colorado Class members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

94.     Plaintiff and Colorado Class members are entitled to recover unpaid overtime under Colorado law, and Plaintiff and Colorado Class members are also entitled to declaratory relief stating Defendant violated the statute by incorporating the automatic time deduction policy as described above.

95.     Defendant enacted a policy and practice that deprived Plaintiff and Colorado Class members compensation for all hours worked in excess of forty in a workweek, including automatic time deductions for meal breaks not taken, missed rest breaks, and work duties performed "off-the-clock."

96.     As a result of the foregoing conduct, as alleged, Defendant has failed to pay overtime wages due under the CWCA and Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101 *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

97.     Plaintiff and Colorado Class members further seek declaratory relief stating Defendant has violated and are in violation of Colorado Minimum Wage Act No. 35 § 4 for failing to compensate Plaintiff for overtime work performed for the benefit of Defendant.

98.     As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff, on behalf of herself and the Class Members, hereby demands payment as contemplated by the CWCA in an amount sufficient to reimburse Plaintiff and the Colorado Class Members for all unpaid overtime wages

99.     Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

## THIRD CLAIM FOR RELIEF
## VIOLATIONS OF COLORADO WAGE CLAIM ACT, § 8-4-101, *et seq.*
## FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED
## (COLORADO CLASS ACTION)

100.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

101.    Under Colorado Minimum Wage Order No. 35 § 3, employers must pay employees all wages to which they are entitled under the Minimum Wage Act. If the employer fails to do so, Colorado Minimum Wage Order No. 35 § 18 entitles employees to recover in a civil action the unpaid balance of the full amount of such minimum wage, together with reasonable attorney fees and court costs.

102.    As described above, Defendant enacted a policy and practice that deprived Plaintiff and Colorado Class members compensation for all hours worked, including automatic time deductions for meal breaks not taken, missed rest breaks, and work duties performed "off-the-clock." As a result, Defendant failed to pay Plaintiff and Colorado Class members all regular, non-

overtime wages due in violation of the Colorado Minimum Wage Order No. 35 § 3 during weeks when Plaintiff and the Class members did not work in excess of forty in a workweek.

103. Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

## FOURTH CLAIM FOR RELIEF
### VIOLATIONS OF COLORADO REV. STAT. § 8-4-109
### FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT
### (COLORADO CLASS ACTION)

104. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

105. Colorado Revised Statute § 8-4-109 requires that, "[w]hen an interruption in the employer-employee relationship occurs, the wages or compensation for labor or services earned, vested, determinable, and unpaid at the time of such discharge is due and payable immediately." *See* COLO. REV. STAT. § 8-4-109(1)(a).

106. Colorado Revised Statute § 8-4-109 states that, "if an employee's earned, vested, and determinable wages or compensation is not paid within fourteen days after the written demand is sent in the manner set forth in paragraph (d) of this subsection (3), the employer shall be liable to the employee for the wages or compensation, and a penalty of the sum of the following amounts of wages or compensation due or, if greater, the employee's average daily earnings for each day, not to exceed ten days, until such a payment or other settlement satisfactory to the employee is made: (I) One hundred twenty-five percent of that amount of such wages of compensation up to and including seven thousand five hundred dollars; and (II) Fifty percent of that amount of such wages or compensation that exceed seven thousand five hundred dollars." *Id.* § 8-4-109(3)(b). "If the employee can show that the employer's failure to pay is willful, the penalty required under paragraph (b) of this subsection (3) shall be increased by fifty percent." *Id.* § 8-4-109(3)(c).

107. Pursuant to Colorado Revised Statute § 8-4-109, a six-year statute of limitations is applied for liability of unpaid regular wages. *See, e.g., Sobolewsky v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1187-88 (D. Colo. 2018) (citing COLO. REV. STAT. § 13-80-103.5(1)(a)); *Portercare Adventist Health Sys. v. Lego*, 286 P.3d 525, 528 (Colo. 2012); *Interbank Investments,*

*L.L.C. v. Vail Valley Consol. Water Dist.*, 12 P.3d 1224, 1230 (Colo. App. 2000) (applying six-year statute of limitations where dispute was over amount of compensation owed).

108.    As described above, Defendant enacted a policy that deprived Plaintiff and Colorado Class members compensation for all hours worked, including automatic time deductions and work duties performed "off-the-clock." As a result, Defendant failed to pay Plaintiff and Colorado Class members all wages due and owing after separation from employment in violation of Colorado Revised Statute § 8-4-109.

109.    In failing to pay all wages due upon separation of employment, Defendant acted as a free agent, determined its own actions, was not responsible to, nor coerced by any other person, entity or authority. Defendant knew that Plaintiff and Colorado Class members had ended and possessed information regarding the hours worked and amount of wages due Plaintiff and Colorado Class members at the date of termination. Defendant was capable of paying all wages earned and due at termination.

110.    Defendant's failure to make payment of Plaintiff's and Colorado Class members' final wages when due was willful and continued for not less than 30 days.

111.    On July 18, 2019, Plaintiff's attorney sent written notice of the wage claim to Defendant. Defendant has failed to pay all wages due.

112.    Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than $2,133.90,[2] pursuant to Colorado Revised Statute § 8-4-109, for the continuation of Plaintiff's unpaid final wages for not less than 30 days. Likewise, Colorado Class members who ended their employment but were not fully compensated their total wages due and owing are likewise due statutory penalty wages pursuant to Colorado Revised Statute § 8-4-109.

113.    Plaintiff and Colorado Class members seek statutory wages pursuant to Colorado Revised Statute § 8-4-109; plus costs, disbursements and attorney fees.

---

[2] Plaintiff's regular hourly rate of $23.71, multiplied by 9 hours per Colorado Revised Statute § 8-4-109, multiplied by the maximum 10 days.

114.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

### FIFTH CLAIM FOR RELIEF
### VIOLATIONS OF MINIMUM WAGE ORDER NO. 35 § 7
### MEAL BREAK VIOLATIONS
### (COLORADO CLASS ACTION)

115.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

116.    Colorado Minimum Wage Order No. 35 § 7 regulates wages, hours, working conditions and procedures for certain employers and employees for work performed within Colorado in four specific industries, including the health and medical industry. The health and medical industry is defined under Wage Order No. 35 to include hospitals, and includes any employee who is engaged in the performance of work connected with or incidental to such business or enterprise, including office personnel.

117.    Pursuant to Colorado Minimum Wage Order No. 35 § 7, employees who have worked at least five hours are entitled to a meal period of at least 30 continuous minutes during which the employee is relieved of all duties. When uninterrupted meal periods are impractical, employees are permitted "on-duty" meals while performing their duties. Employees shall be fully compensated for "on-duty" meal periods without any loss of time or compensation *See* 7 CCR 1103-1 § 7.

118.    Defendant implemented a policy that automatically deducted 30-minutes from Plaintiff and Colorado Class members' time for each shift worked, even though Plaintiff and Colorado Class members were still on-duty, subject to interruption, and often were interrupted during their meal breaks.

119.    Because Plaintiff and Colorado Class members' meal breaks were subject to interruption, were on duty, were not continuous, and were not relieved of all duties during the break, Defendant's automatic time deduction for meal periods was and is in violation of Minimum Wage Order No. 35 § 7, and Plaintiff and Colorado Class members should be reimbursed for back wages for the entire 30 minutes from each work day.

120.    Plaintiff is entitled to declaratory relief that Defendant's past and ongoing automatic time deduction policy violated and is in violation of the Colorado meal break requirements.

121.    Plaintiff and Colorado Class members are entitled to recover unpaid wages at their regular hourly rate for the 30 minutes that were automatically deducted by Defendant for each work period where that deduction took place.

122.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF MINIMUM WAGE ORDER NO. 35 § 8**
**REST PERIOD VIOLATIONS**
**(COLORADO CLASS ACTION)**

123.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

124.    Pursuant to Colorado Minimum Wage Order No. 35 § 8, every employer is required to provide each employee, for each segment of four hours of work, a compensated rest period of not less than ten continuous minutes during which the employee is relieved of all duties, without deduction from the employee's pay. *See* 7 CCR 1103-1 § 8.

125.    Plaintiff generally worked shifts lasting 9 to 10 hours per shift.  Colorado Class members worked similar shifts. Accordingly, Plaintiff and Colorado Class members were entitled to two separate rest periods lasting 10 minutes each during which Plaintiff and Colorado Class members should have been compensated and relieved of all duties. As discussed above, Plaintiff and Colorado Class members are subject to interruption and are consistently denied requisite rest periods.

126.    Plaintiff and Colorado Class members are entitled to compensation for all missed rest periods in violation of the rest break requirements provided by Colorado law. *See Sanchez v. Front Range Transportation*, No. 17-cv-00579-RBJ, 2017 WL 4099896, at *4 (D. Colo. Sept. 15, 2017) ("[B]ecause she was (allegedly) denied reasonable rest periods [under Colorado law], for which she would have been paid, she effectively provided the equivalent number of

minutes of work to [defendant] without additional compensation."); *Lozoya v. AllPhase Landscape Construction, Inc.*, No. 12-cv-1048-JLK, 2015 WL 1757080, at *2 (D. Colo. Apr. 15, 2015).

127.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

## RELIEF SOUGHT

128.    Plaintiff and Collective and Class members are entitled to recover their unpaid overtime wage compensation.

129.    Plaintiff and Collective members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

130.    Plaintiff and Collective members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

131.    Plaintiff and Collective members are entitled to declaratory relief stating Defendant's policies and practices as described herein are unlawful and in violation of the FLSA.

132.    Plaintiff and Colorado Class members are entitled to recover back wages for overtime pay at one-and-one-half times their regular rates of pay for their missed meal breaks, rest periods, and off-the-clock worked for each day worked during a workweek in which they worked more than 40 hours in a workweek.

133.    Plaintiff and Colorado Class members are entitled to recover back wages for meal period violations for 30 minutes at their regular hourly rate of pay for each day worked during a workweek in which they worked fewer than 40 hours in a workweek.

134.    Plaintiff and Colorado Class members are entitled to recover back wages for rest break violations for 20 minutes at their regular hourly rate of pay for each day worked during a workweek in which they worked fewer than 40 hours in a workweek.

135.    Plaintiff and Colorado Class members are entitled to statutory penalty wages pursuant to Colorado Revised Statute § 8-4-109, for the continuation of Plaintiff's and Colorado Class members' unpaid final wages for not less than 10 days for Defendant's violations of Colorado Revised Statute § 8-4-109 (payment of wages upon termination of employment).

136.    Plaintiff and Colorado Class members are entitled to recover costs and a reasonable sum for attorney fees, pursuant to Colorado Revised Statute § 8-4-110.

137.    Plaintiff and Colorado Class members are entitled to declaratory relief stating Defendant's actions as described herein were and are unlawful.

## PRAYER

138.    For these reasons, Plaintiff, Class, and Collective members respectfully request that judgment be entered in their favor awarding the following relief:

   i.   An order preventing Defendant from retaliating in any way against Plaintiff and any Class member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

   ii.  An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

   iii. An order finding that Defendant violated the FLSA;

   iv.  An order finding that Defendant violated the FLSA willfully;

   v.   All unpaid wages due under the FLSA;

   vi.  An equal amount as liquidated damages as allowed under the FLSA;

   vii. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

   viii. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

   ix.  An order finding that Defendant violated Colorado law;

   x.   All unpaid regular wages due under Colorado law to the extent same does not duplicate regular wages due under the FLSA;

   xi.  All unpaid overtime wages due under Colorado law to the extent same does not duplicate overtime wages due under the FLSA;

   xii. All statutory penalty wages due under Colorado law;

xiii.  All attorneys' fees, costs and disbursements as provided by Colorado law to the extent same does not duplicate fees due under the FLSA;

xiv.  For an order awarding Plaintiff, Class, and Collective members pre- and post-judgment interest at the highest rates allowed by law;

xv.  Such other and further relief to which Plaintiff, Class, and Collective members may be entitled at law or in equity.


Dated: October 15, 2019

SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP


*/s/  Carolyn H. Cottrell*
Carolyn H. Cottrell
ccottrell@schneiderwallace.com
California Bar No. 166977
David C. Leimbach
dleimbach@schneiderwallace.com
California Bar No. 265409
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

William M. Hogg
whogg@schneiderwallace.com
Texas Bar No. 24087733
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560
Fax: (415) 421-7105

*Attorneys for Plaintiff, Class, and Collective Members*